FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 9, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MAJID IRANPOUR MOBAREKEH,
a/k/a Jay Mobarekeh,

     Defendant - Appellant.

No. 15-6149
(D.C. No. 5:14-CR-00312-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **BACHARACH**, Circuit Judges.

Pursuant to a plea agreement with a broad appeal waiver, Majid Iranpour

Mobarekeh pleaded guilty to one count of smuggling goods (shell casings), in

violation of 18 U.S.C. § 554(a), and one count of possession with intent to distribute

a Schedule I controlled substance (opium), in violation of 21 U.S.C. § 841(a)(1). The

district court sentenced him to 51 months' imprisonment, which was at the low end

of the advisory guideline range of 51 to 63 months. Despite his appeal waiver,

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Mobarekeh filed a notice of appeal. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Mr. Mobarekeh's counsel filed a response to the motion to enforce and a motion to withdraw.[1] In the response, counsel indicated that Mr. Mobarekeh's appeal was barred by the plea agreement and there was no merit to Mr. Mobarekeh's claim that his sentence was excessive. *See Anders v. California*, 386 U.S. 738, 744 (1967). Given these circumstances, we gave Mr. Mobarekeh an opportunity to file a pro se response to the motion, *see id.*

In *Hahn*, 359 F.3d at 1325, we held that we would enforce appeal waivers as long as three conditions were met: (1) the matter on appeal "falls within the scope of the waiver"; (2) the defendant-appellant "knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver will not "result in a miscarriage of justice."

In his pro se response, Mr. Mobarekeh asserts that he did not knowingly and voluntarily waive his right to appeal and that his counsel provided ineffective assistance. He further asserts that the district court should have given him assistance because it was clear that he needed an interpreter during the proceedings.

---

[1] The motion to withdraw was denied without prejudice to renewal if filed in full compliance with 10th Cir. R. 46.4(A)(5). Counsel did not file a renewed motion to withdraw. In light of our disposition, however, we *sua sponte* allow counsel's withdrawal and relieve him of any further representational duties on behalf of Mr. Mobarekeh.

We have conducted an independent examination of the record, *see Anders*, 386 U.S. at 744, and we cannot agree with Mr. Mobarekeh's characterization of the district court proceedings. The court provided a sufficient Rule 11 colloquy, explaining the waiver of the right to appeal and confirming that Mr. Mobarekeh understood the waiver. Mr. Mobarekeh never indicated at the hearing that he did not understand the proceedings or the waiver. As for his claim for ineffective assistance of counsel, such claims are generally not heard on direct appeal. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) ("[A] defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review. This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." (citation omitted)). Mr. Mobarekeh may bring his claim for ineffective assistance of counsel in a collateral proceeding.

The record establishes that Mr. Mobarekeh's appeal falls within the scope of the waiver, the waiver was knowing and voluntary, and enforcing the waiver will not result in a miscarriage of justice. Accordingly, we grant the motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court
Per Curiam
